UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| RANDALL L. SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 09-00001-ART |
| | ) | |
| v. | ) | |
| | ) | |
| GENESE L. JUSTICE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On January 2, 2009, Defendants removed this case to federal court. R. 1. On January 7, 2009, Plaintiff filed a Motion to Remand this case to Pike County Circuit Court pursuant to the "forum defendant rule" under 28 U.S.C. § 1441(b) stating Defendant Genese L. Justice is a citizen of Kentucky. R. 5. The Plaintiff also filed a Fee Petition seeking $550.00. *Id.* at Att. 3. Defendants William C. Jones and Swift Transportation Company timely filed a Response agreeing to remand this case. R. 9. Defendant Genese L. Justice, the Kentucky defendant, never responded to Plaintiff's motion but filed a proposed Agreed Order of Remand this afternoon. R. 10.

The defendants removed this automobile accident case based on diversity jurisdiction. *See* R. 1 (Notice of Removal). Under 28 U.S.C. § 1441(b), a non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is

a citizen of the State in which such action is brought." It is undisputed that Defendant Genese L. Justice is a citizen of Kentucky–the forum state. *See* R. 1 at ¶ 2 (Notice of Removal) ("The Defendant, Genese L. Justice is a citizen and resident of Kimper, Pike County, Kentucky."). Because Justice is a citizen of Kentucky–the same state in which Plaintiff filed the action–the defendants improperly removed the case, and it must be remanded.

In addition, the Plaintiff seeks attorney's fees and costs in the amount of $550. R. 5, Att. 3; *see* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). A district court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here the defendants lacked "an objectively reasonable basis" to remove the case since the plain language of the statute made it clear that removal was improper. *Cf. Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) ("[I]n light of § 1441(b)'s explicit bar [on home state removal], there was no objectively reasonable basis from which the Smiths could have concluded that diversity jurisdiction was proper."). Indeed, none of the Defendants has offered a legitimate reason to remove this case, and none has responded to Plaintiff's request for fees. Since the defendants lacked an objectively reasonable basis to remove, Plaintiff is entitled to fees. *See Wartman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1060 (6th Cir. 2008) ("In general, objectively unreasonable removals should result in fee awards to plaintiffs." (citation omitted)).

Plaintiff's fee petition appears reasonable and is undisputed. The Plaintiff seeks fees for

2

2.2 hours of work, which is the total amount of time he spent on the Motion to Remand. *See* R. 5, Att. 3 at 2. Moreover, Plaintiff's counsel indicates that his standard hourly rate is $250. *Id.* at 3. Both the amount of time spent and the hourly rate are reasonable and uncontested.

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's Motion, R. 5, is **GRANTED**;

(2) This case is **REMANDED** to Pike County Circuit Court;

(3) Each Defendant shall pay Plaintiff's counsel $183.33 (the Court recognizes this is one cent short, but could not figure out how to divide the last cent); and

(4) This matter shall be **STRICKEN** from the Court's active docket.

This the 4th day of February, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge